**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL HENRI GLASGOW,

        Plaintiff - Appellant,

  v.

STEPHEN E. SMITH,

        Defendant - Appellee.

No. 13-35977

D.C. No. 3:12-cv-00081-SLG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

    Michael Henri Glasgow appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging claims related to his arrest and

criminal conviction. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo. *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007). We may affirm on

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

any basis supported by the record, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009), and we affirm.

Summary judgment on Glasgow's action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) was proper because success on Glasgow's claims would necessarily imply the invalidity of Glasgow's conviction or sentence, and Glasgow failed to show that either has been invalidated. *See id.* at 486-87 (holding that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must prove that the conviction or sentence has been invalidated). We construe the district court's summary judgment as dismissing the action without prejudice. *See Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (dismissals under *Heck* are without prejudice).

We reject Glasgow's contentions that *Heck* should not apply because his counsel was ineffective.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**

13-35977